**KAZEROUNI LAW GROUP, APC**
Mohammad R. Kazerouni, Esq. (SBN 252835)
mike@kazlg.com
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Assal Assassi, Esq. (SBN 274249)
assal@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiffs,
Adriana Castillo and Roberto Castillo Lagunas

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIANA CASTILLO; and ROBERTO CASTILLO LAGUNAS;<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY;<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Americans with Disabilities Act [42 U.S.C. §§ 12101, et seq.];<br>2. Rehabilitation Act of 1973 [29 U.S.C. 701];<br>3. Unruh Civil Rights Act [Civil Code §§ 51, et seq.];<br>4. Disabled Persons Act [Civil Code §§ 54, et seq.]<br>5. Dangerous Condition of Public Property [Gov. Code. §§ 835, et seq.]<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Plaintiffs ADRIANA CASTILLO ("Adriana C." or "Plaintiffs") and ROBERTO CASTILLO LAGUNAS ("Roberto C." or "Plaintiffs") bring this

Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY ("LA Metro" or "Defendant") in discriminating against Adriana C. in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. 701, the Unruh Civil Rights Act, Civil Code § 51, and the Disabled Persons Act, Civil Code § 54, et seq.

2. As a result of the actions alleged herein, Plaintiffs sustained personal injuries and property damage.

3. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief.

4. The ADA was enacted with the purpose of eliminating discrimination against persons with disabilities. 42 U.S.C. §12101(b)(1).

5. The ADA prohibits qualified individuals with a disability from being excluded by reason of such disability, from participating in or being denied the benefits and services, programs, or activities of a public entity, or from being subjected to discrimination by a public entity. 42 U.S.C. § 12132.

6. The Unruh Civil Rights Act prohibits discrimination based on sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status. Civil Code § 51(b).

7. The Disabled Persons Act, Civil Code §§ 54-55.32 entitles persons with disabilities to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trans, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation, telephone facilities, adoption agencies,

private schools, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited. Civil Code § 54.1(a)(1).

8. The Rehabilitation Act of 1973 has behind its enactment, the policy that all programs, projects and activities receiving assistance under the Rehabilitation Act of 1973 to be carried out in a manner consistent with the principles of equal access (including the use of accessible formats) of individuals with disabilities. 29 U.S.C. § 701(c)(2).

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331 because this case arises out of the ADA, 42 U.S.C. §§ 12101, et seq. and the Rehabilitation Act of 1973, 29 U.S.C. 701, which are Federal statutes.

10. This Court has supplemental jurisdiction of the Unruh Civil Rights Act, the Disabled Persons Act, and Plaintiffs' claim of Dangerous Condition of Public Property, Gov. Code. §§ 835, et seq., pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs' claims occurred in this District.

12. Upon information and belief, Defendant regularly conducts and operates business within this District, and thus, personal jurisdiction is established.

## PARTIES

13. Plaintiffs are, and at all times mentioned herein were each citizens and residents of the County of Los Angeles, State of California.

14. Adriana C. was at all times mentioned herein, a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2).

15. Adriana C. did at all times mentioned herein, suffer from a "disability" as defined by Civil Code § 51(e)(1).

16. Adriana C. did at all times mentioned herein, suffer from a "disability" and "medical condition" as defined by Civil Code §§ 54(b) and 54(b)(2).

17. Adriana C. did at all times mentioned herein, suffer from a disability as defined by Civil Code §51(e)(1).

18. Defendant is and at all times mentioned herein was, a "public entity" as defined by 42 U.S.C. § 12131(1) and is therefore subject to title II of the ADA.

19. Defendant is a recipient of federal financial assistance as that term is used in Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## FACTUAL ALLEGATIONS

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. At all times mentioned herein, Adriana C. has been substantially limited in several life activities. Due to Adriana C.'s medical condition, at all times mentioned herein, Adriana C. regularly used a power wheelchair for purposes of transportation.

22. On or about August 3, 2018, Adriana C. and Roberto C. boarded the Blue Line Metro train (the "Subject Train") in the City of Los Angeles.

23. At all times mentioned herein, Adriana C. was occupying her wheelchair.

24. At all times mentioned herein, the Subject Train was owned, operated, managed, and maintained by Defendant.

25. Upon boarding the Subject Train, Plaintiffs noticed that the area designated for handicapped passengers, which consisted of several folding chairs, was occupied by other individuals.

26. Adriana C. proceeded to signal for assistance with her seating from Defendant through the means provided by Defendant for doing so.

27. The Subject Train began moving without an employee or agent of Defendant attempting to assist Adriana C. with her seating on the Subject Train.

28. Adriana C. then proceeded to park her wheelchair in an area of the Subject Train that had space to do so. Roberto C. then sat down in a seat next to Adriana C.

29. While in transit, the Subject Train abruptly and without warning, came to a stop, causing Adriana C.'s wheelchair, which Adriana C. was occupying at the time, to fall violently to the floor, causing Adriana C. to suffer severe personal injuries and great expense. As a further proximate result of the foregoing, Adriana C.'s wheelchair struck Roberto C., causing Roberto C. to suffer severe personal injuries and great expense.

30. On or about October 11, 2018, Adriana C. presented to Defendant, pursuant to Gov. Code § 905, a timely written claim for injuries and damages sustained by Adriana C. as a result of the incident described in this Complaint. A copy of said claim, with Adriana C.'s personally identifying information redacted, is attached hereto as Attachment "A" and is incorporated herein by reference.

31. On or about October 30, 2018, Defendant formally denied the claim presented by Adriana C. pursuant to Gov. Code § 911.8. A copy of said denial is attached hereto as Attachment "B" and is incorporated herein by reference.

32. On or about October 11, 2018, Roberto C. presented to Defendant, pursuant to Gov. Code § 905, a timely written claim for injuries and damages sustained by Roberto C. as a result of the incident described in this Complaint. A copy of said claim, with Roberto C.'s personally identifying information redacted, is attached hereto as Attachment "C" and is incorporated herein by reference.

33. On or about October 30, 2018, Defendant formally denied the claim presented by Roberto C. pursuant to Gov. Code § 911.8. A copy of said denial is attached hereto as Attachment "D" and is incorporated herein by reference.

34. The actions described herein discriminated against Adriana C. on the basis of her disability.

35. Plaintiffs were harmed by Defendant's discrimination and failure to make its services, programs, and activities available to Adriana C. on nondiscriminatory terms.

## FIRST CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT
## [42 U.S.C. §§ 12101, ET SEQ.]

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Title II of the ADA prohibits qualified individuals with a disability from being excluded by reason of such disability, from participating in or being denied the benefits and services, programs, or activities of a public entity, or from being subjected to discrimination by a public entity. 42 U.S.C. § 12132.

38. At all material times, Adriana C. has been a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2).

39. Defendant is and at all times mentioned herein was, a "public entity" as defined by 42 U.S.C. § 12131(1).

40. Defendant has discriminated against Adriana C. on the basis of disability in violation of Title II of the ADA as alleged herein. Such discrimination includes but is not limited to designing, maintaining, operating and owning the Subject Train, which did not have sufficient available seating area for individuals suffering from disabilities, including those necessitating the use of a wheelchair, not having available straps or other means for securing wheelchairs, not having space to park and secure a wheelchair along with a seat to which a passenger in a wheelchair can transfer themselves, and not being accessible or readily accessible to and usable by individuals with disabilities, including individuals who use

wheelchairs, and by otherwise failing to have conditions, safeguards and protections in place for passengers in wheelchairs.

41. As a direct, foreseeable, and proximate result of Defendant's acts, omissions, and violations alleged herein, Adriana C. has sustained personal injuries, property damage, and great expense.

42. In addition to such other damages as may properly be recovered herein, Adriana C. is entitled to recover prevailing party attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION
## REHABILITATION ACT OF 1973
## [29 U.S.C. § 701]

43. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as Defendant. 29 U.S.C. § 794.

44. Defendant receives and benefits from federal financial assistance as that term is used in 29 U.S.C. § 794.

45. Adriana C. is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

46. Defendant has discriminated against Adriana C. on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as alleged herein. Such discrimination includes but is not limited to designing, maintaining, operating and owning the Subject Train, which did not have sufficient available seating area for individuals suffering from disabilities, including those necessitating the use of a wheelchair, not having available straps or other means for securing wheelchairs, not having space to park and secure a wheelchair along with a seat to which a passenger in a wheelchair can transfer themselves, and not being accessible or readily accessible to and usable by individuals with disabilities,

including individuals who use wheelchairs, and by otherwise failing to have conditions, safeguards and protections in place for passengers in wheelchairs.

47. Defendant denied Adriana C. access to programs, benefits, and services provided to other citizens solely on the basis of Adriana C.'s disability, thereby violating the Rehabilitation Act of 1973.

48. As a direct, foreseeable, and proximate result of Defendant's acts, omissions, and violations alleged herein, Adriana C. has sustained personal injuries, property damage, and great expense.

49. In addition to such other damages as may properly be recovered herein, Adriana C. is entitled to recover prevailing party attorneys' fees and costs pursuant to 29 U.S.C. § 794a.

## THIRD CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
## [CIVIL CODE § 51, ET SEQ.]

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Unruh Civil Rights Act provides that a violation of the right of any individual under the federal Americans with Disabilities Act shall also constitute a violation of the Unruh Civil Rights Act. Civil Code § 51(f).

52. The ADA prohibits qualified individuals with a disability from being excluded by reason of such disability, from participating in or being denied the benefits and services, programs, or activities of a public entity, or from subjecting such individuals to discrimination by any such entity. 42 U.S.C. § 12132.

53. The Unruh Act, Cal. Civ. Code § 51, guarantees all people within the jurisdiction of California, no matter what their disabilities, full and equal accommodations, advantages, facilities, privileges and services of all business establishments of every kind whatsoever.

54. At all material times, Adriana C. has been a "qualified individual with a disability" as defined by 42 U.S.C. § 12131(2).

55. At all material times. Adriana C. has suffered from a disability as defined by Civil Code § 51(e)(1).

56. Defendant is and at all times mentioned herein was, a "public entity" as defined by 42 U.S.C. § 12131(1).

57. Defendant is a business establishment within the meaning of Civil Code § 51, et seq.

58. Defendant has discriminated against Adriana C. on the basis of disability in violation of Civil Code § 51, et seq. as alleged herein. Such discrimination includes but is not limited to designing, maintaining, operating and owning the Subject Train, which did not have sufficient available seating area for individuals suffering from disabilities, including those necessitating the use of a wheelchair, not having available straps or other means for securing wheelchairs, not having space to park and secure a wheelchair along with a seat to which a passenger in a wheelchair can transfer themselves, and not being accessible or readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and by otherwise failing to have conditions, safeguards and protections in place for passengers in wheelchairs.

59. Adriana C. was discriminated against solely on account of a disability.

60. As a direct, foreseeable, and proximate result of Defendant's conduct, Adriana C. has sustained personal injuries, property damage, and great expense.

61. In addition to such other damages as may properly be recovered herein, Adriana C. is entitled to recover up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by Adriana C. as a result the denial of any rights provided by the Unruh Act. Civil Code 52(a).

# FOURTH CAUSE OF ACTION
## DISABLED PERSONS ACT
### [CIVIL CODE §§ 54, ET SEQ.]

62. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Adriana C. did at all times mentioned herein, suffer from a "disability" and "medical condition" as defined by Civil Code §§ 54(b) and 54(b)(2).

64. The Disabled Persons Act provides that a violation of the right of an individual under the Americans with Disabilities Act also constitutes a violation of the Disabled Persons Act. Civil Code §§ 54(c), 54.1(d).

65. Defendant has discriminated against Adriana C. on the basis of disability in violation of Civil Code § 54, et seq. as alleged herein. Such discrimination includes but is not limited to designing, maintaining, operating and owning the Subject Train, which did not have sufficient available seating area for individuals suffering from disabilities, including those necessitating the use of a wheelchair, not having available straps or other means for securing wheelchairs, not having space to park and secure a wheelchair along with a seat to which a passenger in a wheelchair can transfer themselves, and not being accessible or readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and by otherwise failing to have conditions, safeguards and protections in place for passengers in wheelchairs.

66. In addition to such other damages as may properly be recovered herein, Adriana C. is entitled to recover up to a maximum of three times the amount of actual damages but in no case less than on thousand dollars ($1,000). Civil Code §54.3(a).

67. In addition to such other damages as may properly be recovered herein, Adriana C. is entitled to recover reasonable attorney's fees and may bring

an action to enjoin the violation. Civil Code § 55.

## FIFTH CAUSE OF ACTION
## DANGEROUS CONDITION OF PUBLIC PROPERTY
## [GOV. CODE §§ 835 ET SEQ.]

68. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. At all material times, Defendant was responsible for designing, managing, maintaining, operating and the ownership of the Subject Train.

70. At all material times, the Subject Train constituted a dangerous condition in that, among other facts, the Subject Train, which did not have sufficient available seating area for individuals suffering from disabilities, including those necessitating the use of a wheelchair, not having available straps or other means for securing wheelchairs, not having space to park and secure a wheelchair along with a seat to which a passenger in a wheelchair can transfer themselves, and not being accessible or readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and by otherwise failing to have conditions, safeguards and protections in place for passengers in wheelchairs.

71. The dangerous conditions alleged herein were the proximate cause of Adriana C.'s motorized wheelchair falling over, which resulted in personal injuries and property damage to Plaintiffs.

72. At all relevant times, Defendants have actual or constructive notice of the dangerous conditions hereinbefore alleged for a sufficient period of time prior to the injury that was inflicted upon Plaintiffs, in order to have taken measures to protect against said dangerous conditions.

//
//
//

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the following relief against Defendant:

### FIRST CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT
### [42 U.S.C. §§ 12101, ET SEQ.]

- General damages according to proof at trial;
- Special damages according to proof at trial;
- Prevailing party attorneys' fees and costs pursuant to 42 U.S.C. § 12205;
- Injunctive relief prohibiting such conduct in the future;
- That this Court declare the actions of Defendant described in this Complaint to be in violation of the ADA;
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### REHABILITATION ACT OF 1973
### [29 U.S.C. § 701]

- General damages according to proof at trial;
- Special damages according to proof at trial;
- Prevailing party attorneys' fees and costs pursuant to 29 U.S.C. § 794a;
- Injunctive relief prohibiting such conduct in the future;
- That this Court declare the actions of Defendant described in this Complaint to be in violation of the Rehabilitation Act of 1973;
- Any other relief the Court may deem just and proper.

//
//
//

## THIRD CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
## [CIVIL CODE § 51, ET SEQ.]

- General damages according to proof at trial;
- Special damages according to proof at trial;
- Prevailing party attorneys' fees and costs pursuant to Civil Code § 52(a);
- Statutory damages up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000) pursuant to Civil Code § 52(a);
- Injunctive relief remedying the discrimination pursuant to Civil Code § 52;
- That this Court declare the actions of Defendant described in this Complaint to be in violation of the Unruh Civil Rights Act;
- Any other relief the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
## DISABLED PERSONS ACT
## [CIVIL CODE §§ 54, ET SEQ.]

- General damages according to proof at trial;
- Special damages according to proof at trial;
- Prevailing party attorneys' fees and costs pursuant to Civil Code § 55;
- Statutory damages up to a maximum of three times the amount of actual damages but in no case less than on thousand dollars ($1,000) pursuant Civil Code § 54.3(a).
- Injunctive relief remedying the discrimination;
- That this Court declare the actions of Defendant described in this Complaint to be in violation of the Disabled Persons Act;
- Any other relief the Court may deem just and proper.

# FIFTH CAUSE OF ACTION
## DANGEROUS CONDITION OF PUBLIC PROPERTY
### [GOV. CODE §§ 835 ET SEQ.]

- General damages according to proof at trial;
- Special damages according to proof at trial;
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

73. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: April 29, 2019             Respectfully submitted,

                                          **KAZEROUNI LAW GROUP, APC**

                                          By: /s/ Assal Assassi
                                                  MOHAMMAD KAZEROUNI
                                                  ASSAL ASSASSI
                                                  ATTORNEYS FOR PLAINTIFFS